[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an accident on Summer Street in Stamford, on July 11, 1990. The plaintiff, Deborah Hellman, was crossing Summer Street as a pedestrian and she claims that she was CT Page 6227-yyy struck by a vehicle operated by defendant Patrick K. Curtin, and owned by defendant Mary B. Curtin.
The defendants filed an answer and two special defenses, and the plaintiff then filed a motion (#114) to strike the second special defense which claims a reduction in any award granted to plaintiff by reason of collateral source payments.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer, including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike. . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, CT Page 6227-zzz 348, 576 A.2d 149 (1990).
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would not support a defense, the motion to strike must be granted. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1988).
The second special defense claims that the defendants are entitled to the benefit of any collateral source payments that have been made on behalf of the plaintiff pursuant to the provisions of General Statutes 52-225. The plaintiff moves to strike said defense on the grounds that collateral source payment is not a valid special defense.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). Collateral CT Page 6227-aaaa source payment is not a valid defense because collateral source reductions, pursuant to General Statutes 52-225a, are undertaken only after damages are awarded. A collateral source special defense fails to show that the plaintiff has no cause of action, and, therefore, the motion to strike the second special defense is granted.
So Ordered.
Dated at Stamford, Connecticut this 25th day of June, 1993
WILLIAM BURKE LEWIS, JUDGE CT Page 6228